IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

FRANCIS R. HOLLEY,                              *

    Plaintiff                               *

      v.                                  *   CIVIL ACTION NO. RWT-07-752

WARDEN,                                         *

    Defendant                               *
                                       ***

**MEMORANDUM OPINION**

I.    Procedural History

Francis R. Holley ("Holley") is an inmate confined at the Patuxent Institution.  On March 23, 2007, the court received for filing Holley's note, dated March 22, 2007, in which he claims that a "contract" has been taken out on his life.   (Paper No. 1).   He appears to allege that inmate "Charles Braxter"has solicited prisoners John Herbert and David Dorsey to stab him.[1]

Holley's letter was construed as 42 U.S.C. § 1983 action, raising a failure-to-protect claim, and was instituted as a civil rights filing for injunctive relief.   Because the letter raised questions concerning Holley's safety from other *named* Patuxent inmates, the Office of the Attorney General, Correctional Litigation Division, was ordered to file a show cause response.  Holley was ordered to file a supplemental § 1983 complaint along with an indigency application or the $350.00 civil filing fee.

As of the within signature date, Holley has not filed his court-ordered supplement or indigency application.   On April 18, 2007, the Warden of Patuxent Institution filed a show cause

---

[1]    A review of the Maryland Department of Pubic Safety and Correctional Services ("DPSCS") Inmate Locator reveals no inmate by the name of Charles Braxter.   There is a Charles Baxter who is currently housed at the mental health unit at Patuxent.   The Inmate Locator also shows that inmates John Herbert and David Dorsey are housed at that same facility.

response.  (Paper No. 4).  The injunctive relief request may be determined on the pleadings.  See

Local Rule 105.6 (D. Md. 2004).

II.  Standard of Review

      Where, as here, an inmate is seeking injunctive relief in conjunction with his Eighth

Amendment claim, relief may only be granted if the inmate can demonstrate: (i) the likelihood he

will be irreparably harmed if emergency relief is denied; (ii) the likelihood that defendant will not

be harmed if the requested relief is granted; (iii) the likelihood that the inmate will succeed on the

merits; and (iv) that the public interest will be served if the injunction is granted.  *See Blackwelder*

*Furniture Co. v. Seilig Manufacturing Co.*, 550 F.2d 189, 195-96 (4th Cir. 1977).

III.  Analysis

      Based upon a review of the materials provided this court, injunctive relief shall be denied.

According to the Declaration of Patuxent Institution's Warden John Wilt,  Holley is now housed on

the acute mental health tier and inmates on this tier have no contact with any of the other inmates

named in Holley's letter.  (Paper No. 4 at Ex. 1).  Warden Wilt states that Holley's movement

occurred due to Holley's complaint to psychological staff that the named inmates had threatened to

harm him and the fact that Holley's paranoia had increased due to noncompliance with his

medication.[2]  (Id.).

      The materials show that Holley's safety and well-being is being safeguarded while at

Patuxent Institution.   He is housed on the Acute Mental Health Unit tier and has no contact with

inmates Baxter, Herbert, and Dorsey.  The court therefore finds that injunctive relief is not

warranted.

---

[2]      Holley is diagnosed as having paranoid schizophrenia with ideation.  (Paper No. 4 at Ex. 1).

With regard to the cause of action, the court observes that Holley was directed to file a

§ 1983 complaint and the $350.00 filing fee or indigency application.  The filing of a formal

complaint and indigency application would have provided this court the names of proper party

defendants, a history of Holley's administrative remedy filings, a complete statement of facts, and

the exact nature of the relief sought by Holley.  In addition, receipt of the filing fee or indigency

application would have served to determine filing fee and services issues under 28 U.S.C. § 1915

and Fed. R. Civ. P. 4.  Holley did not file these materials, and in light of his failure to comply with

court order, the case shall be dismissed without prejudice.

IV.  Conclusion

For the aforementioned reasons, Holley's injunctive relief request shall be denied.   The

cause of action shall be dismissed without prejudice. A separate Order follows.


Dated: 4/25/07                                              /s/
                                               ROGER W. TITUS
                                               UNITED STATES DISTRICT JUDGE